UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,
vs.

No. 18-cr-20256
HON. MARK A. GOLDSMITH

ANDRES BUTLER,

       Defendant.
_____/

# OPINION & ORDER
## DENYING DEFENDANT ANDRE BUTLER'S MOTION FOR DISCLOSURE OF INFORMANTS AND DETAILS OF AGREEMENTS (DKT. 132)

This matter is before the Court on Defendant Andre Butler's motion of disclosure of informants and details of agreements (Dkt. 132). The Government has filed a response to the motion (Dkt. 136), but Butler failed to file a reply brief in support of his motion.[1] For the reasons discussed below, the Court denies Butler's motion.

## I. BACKGROUND

Butler is charged with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Butler moves the Court for an order directing the Government to reveal the identity of informants and any agreements it has with the informants at least thirty days before trial. Mot. at 1. According to Butler, review of discovery "suggests that a portion of the government's case will be presented through witnesses who are government informants, have criminal records or previous contacts with the criminal justice system." Id. at 4. Although Butler refers to "informants," there is only one informant mentioned in his brief. Butler asserts that "[t]he

---

[1] Because oral argument will not aid the decisional process, these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

Government utilized confidential source (DEA-1) to identify Mr. Butler as a participant in the narcotics conspiracy." Id. at 5. Butler does not offer any further explanation about DEA-1 and there are no attachments to Butler's motion. Presumably, Butler is referring to the confidential source identified in Special Agent Brandon Carrier's Affidavit in support of the application to search Butler's home. See Ex. 1 to Gov't Resp. to Mot. to Suppress, Cavell Street Search Warrant & Aff., ¶¶ 5-6 (Dkt. 131-1). DEA-1 is the informant who provided the DEA with information related to Defendant Nicolas Medina-Liborio's alleged drug trafficking organization, and identified Butler as one of his customers. Id.

## II. STANDARD OF DECISION

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)). The first is the Brady doctrine, derived from Brady v. Maryland, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. Watson, 787 F. Supp. 2d at 672 & n.5. The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Watson, 787 F. Supp. 2d at 672 (citation and quotation marks omitted); Presser, 844 F.2d at 1285

("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions."). The third is the Jencks Act, 18 U.S.C. § 3500, which "'generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial.'" Watson, 787 F. Supp. 2d at 672 (quoting United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982)); 18 U.S.C. § 3500(b);[2] see also United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) ("When Brady material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure."); Presser, 844 F.2d at 1282-1285 (holding that neither Brady, Giglio v. United States, 405 U.S. 150 (1972), nor Rule 16 gives a defendant the right to broad pretrial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act).

## III. DISCUSSION

Butler seeks a court order to require the Government to turn over the names and addresses of any informants the Government used in this case, as well as the details of the agreements those informants may have with the Government. Mot. at 1 & 5. Butler cites the Sixth Amendment's Confrontation Clause, Federal Rule of Evidence 607, and a handful of cases to support his position, but without any meaningful explanation. Id. at 5-6. Butler then makes the following conclusory argument: "'DEA-1' is one of the most damaging potential witnesses against Defendant. Butler certainly should be given the opportunity to prepare to confront this accuser." Id. at 5. The Government argues that the law does not support the relief requested. Gov't Resp. at 1.

---

[2] Section 3500(b) provides, in full: "<u>After</u> a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." (Emphasis added).

Additionally, the Government recognizes its obligations to make certain disclosures under Federal Rules of Criminal Procedure 16, Brady, and Giglio, and maintains that it will make such disclosures fourteen days before trial and continue to comply with these obligations in a timely manner. The Government has the better part of the argument.

A. **Disclosure of Confidential Informant's Identity**

Regarding the pretrial disclosure of a confidential informant's identity, the Court agrees with the Government that a criminal defendant is not entitled as a matter of right to a list of the government's witnesses in advance of trial. Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); United States v. Davis, 306 F.3d 398, 420 (6th Cir. 2002) ("[O]rdinarily, a defendant is not entitled to a list of the names . . . of the government's witnesses."); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) ("This court . . . has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government."); United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (per curiam) ("It is well recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right."); United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970) ("[T]he names and criminal records of government witnesses are not discoverable under Rule 16(b)."). Nevertheless, a district court has the inherent authority to order pretrial disclosure of the government's witnesses. See Kendricks, 623 F.2d at 1168 (recognizing that the district court has discretion to order the prosecution to produce a list of prosecution witnesses); Watson, 787 F. Supp. 2d at 674 (collecting cases and ordering disclosure ten days before trial).

Notwithstanding this authority, the Government may (as it has here) invoke the so-called "informer's privilege" to withhold certain information from disclosure, including an informant's

4

identity.  Roviaro v. United States, 353 U.S. 53, 59-60 (1957); see also United States v. Sharp, 778 F.2d 1182, 1185 n.1 (6th Cir. 1985) (per curiam) (noting that this is the government's privilege despite being referred to as an informer's privilege).  Because this privilege is limited by the "fundamental requirements of fairness," Roviaro, 353 U.S. at 60, "information about a confidential informant (or the informant's testimony itself) may be admitted if the revealing evidence 'is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause,'" United States v. Sierra-Villegas, 774 F.3d 1093, 1098 (6th Cir. 2014) (quoting Roviaro, 353 U.S. at 60-61).  Determining whether the Government must disclose the identity of an informant requires a careful balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense."  Roviaro, 353 U.S. at 62.  This decision will ultimately be left to the Court's discretion and depend on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  Id.

Importantly, disclosure is not warranted when the possible relevancy of an informant's identity is based on "mere conjecture or supposition."  United States v. Doxey, 833 F.3d 692, 707 (6th Cir. 2016).  Instead, the defendant bears the burden of providing some evidence that disclosure of the informant's identity would substantially assist his defense before disclosure will be warranted.  Id. (affirming district court's refusal to disclose informant's identity because the defendant "merely argued that disclosure of the [confidential informant's] identity would allow him to assess the strength of the government's case"); see also United States v. Ray, 803 F.3d 244, 274 (6th Cir. 2015) (affirming district court's refusal to compel disclosure of confidential informant's identity because the defendant "merely argued that the [confidential informant] was the person that formed the facts for the issuance of the search warrant, and so in order to present

5

any viable defense, the requested information was necessary"); United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (affirming district court's refusal to compel disclosure of confidential informant's identity because the defendant "advanced no more than a simple statement that [the informant's] testimony might assist in his defense"); Sharp, 778 F.2d at 1186-1187 (holding that district court abused its discretion by ordering disclosure of informant's identity based solely on defense counsel's unsworn representations that disclosure would be relevant and helpful to his defense).

Butler has failed to demonstrate how disclosure of any informant's identity would substantially or materially assist his defense, or that disclosure was essential to a fair trial to overcome the informer's privilege. Moore, 954 F.2d at 381; United States v. Hammons, 411 F. App'x 837, 843 (6th Cir. 2011); United States v. Sales, 247 F. App'x 730, 734-735 (6th Cir. 2007). Instead, he merely asserts that he "certainly should be given the opportunity to prepare to confront this accuser." Mot. at 5. Having opted not to file a reply brief, Butler offers no further explanation in support of his position. As in Doxey, Ray, Moore, Sharp, Hammons, and Sales, among others, this sort of conclusory argument is insufficient to warrant disclosure of a confidential informant's identity. Nor is this conclusory assertion sufficient to warrant an in camera hearing. See Sierra-Villegas, 774 F. 3d at 1099 ("[A]n in camera hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful." (citing Sharp, 778 F.2d at 1187)). Therefore, this aspect of Butler's motion is denied.

**B. Pretrial Disclosures of Agreements Between the Government and its Informants**

Regarding the pretrial disclosure of agreements reached between the Government and its potential witnesses, "[i]t is well established that an express agreement between the prosecution and a witness is possible impeachment material that must be turned over under Brady." Bell v.

Bell, 512 F.3d 223, 233 (6th Cir. 2008) (en banc) (citing Giglio, 405 U.S. at 154-155). Less formal agreements, including unwritten and tacit agreements, are also subject to disclosure under Brady. Bell, 512 F.3d at 233 (citing Wisehart v. Davis, 408 F.3d 321, 323-324 (7th Cir. 2005)); see also id. at 234 ("'The government is free to reward witnesses for their cooperation with favorable treatment in pending criminal cases without disclosing to the defendant its intention to do so, provided that it does not promise anything to the witnesses prior to their testimony.'" (quoting Shabazz v. Artuz, 336 F.3d 154, 165 (2d Cir. 2003))). The Government does not refute this; in fact, it fully recognizes its obligations under Brady and Giglio, and it has agreed to disclose this material fourteen days before trial. See Gov't Resp. at 3.

Given the Government's awareness of its obligations under Rule 16, Brady, and Giglio, as well as its indication that it will disclose the requested information fourteen days before trial, an order from this Court directing such pretrial disclosure is unnecessary. See Watson, 787 F. Supp. 2d at 673 ("Courts have concluded that the government's assurance that it is aware of its obligations under Rule 16 . . . is sufficient, and does not compel pre-trial discovery."); see also United States v. Hogg, No. 13-CR-20809, 2014 WL 1328170, at *3 (E.D. Mich. Apr. 2, 2014) (denying the defendant's motion for pretrial disclosure of impeachment evidence where the government was aware of its obligations and agreed to turn over Giglio material fourteen days before trial). And although Butler contends that "'DEA-1' is one of the most damaging potential witnesses," and that he "certainly should be given the opportunity to prepare to confront this accuser," Mot. at 5, Butler offers no particularized reason for requiring an earlier disclosure date. Watson, 787 F. Supp. 2d at 674 (finding that, where the government agreed to turn over materials ten days before trial, an earlier disclosure date was not warranted because the defendant spoke only

7

of a "generalized need to prepare for cross examination"). Therefore, this aspect of Butler's motion is also denied.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Butler's motion for disclosure of informants' identities and details of agreements (Dkt. 132).

SO ORDERED.

Dated: July 3, 2019             s/Mark A. Goldsmith
  Detroit, Michigan         MARK A. GOLDSMITH
                                    United States District Judge