UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 18-20256
                                                        Hon. Mark A. Goldsmith
vs.

ANDRE BUTLER,

        Defendant.
_____/

**OPINION
SETTING FORTH THE REASONS FOR DENYING DEFENDANT ANDRE BUTLER'S
MOTION FOR COMPASSIONATE RELEASE (Dkt. 186)**

The Court denied Defendant Andre Butler's motion for compassionate release on October 26, 2020 (Dkt. 194). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

Butler pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin. See Judgement (Dkt. 169). The Court sentenced him to 10 years' imprisonment on October 24, 2019. Id. Butler's projected release date is July 9, 2028. Butler sought compassionate release under the First Step Act, because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Butler's motion.

### I.    LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after

considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

After the Court issued its order denying Butler's motion, the Sixth Circuit held that with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in § 1B1.13. United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020). The Sixth Circuit held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id. However, Jones would not have alter the Court's decision.

## II. ANALYSIS

Butler, age 54, is currently serving a 120-month custodial sentence at Hazelton USP for his role in distributing kilo quantities of heroin. He has served a little over one year of his sentence. When the Court issued its opinion, Hazelton had no inmate COVID-19 cases and six staff COVID-19 cases. Those numbers have since increased, but Hazelton's numbers remain low.

Butler seeks release based on his race, African American, and his 32 Body Mass Index ("BMI"). Mot. at 3-4. In his reply brief, Butler also claims to have hypertension, Reply at 6, but that diagnosis is not reflected anywhere in his medical records, see Butler's 2020 Medical Records, Ex. 4 to Gov't Resp. (Dkt. 192-1).

The CDC does not consider race to be one of the factors that increases the likelihood that an individual will suffer the more severe symptoms of COVID-19. United Staets v. Lamar, No. 18-20183, 2020 WL 7319431, at *3 (E.D. Mich. Dec. 10, 2020). However, as the Government concedes, a BMI over 30 puts an individual at an increased risk of suffering the more severe symptoms from COVID-19.[1] Because the Government concedes that Butler's BMI constitutes an extraordinary and compelling reason to a reduced sentence, Resp. at 14, the Court was satisfied that Butler satisfied the first inquiry.

However, the § 3553(a) factors did not favor Butler's release. Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. As discussed in the Court's Opinion denying Butler's motion to suppress (Dkt. 138),

---

[1] Certain Medical Conditions and Risk for Severe COVID-19 Illness (CDC): https://perma.cc/HT7Y-KAC8.

Butler had a significant role in a major heroin distribution network. Firearms, drug distribution materials, and a significant amount of money were discovered in his home. Butler's crimes were serious, for which he received a 10-year custodial sentence. Releasing Butler after serving only a little over a year of his sentence would not promote respect for the law or protect the public from further crimes by Butler.

Because the § 3553(a) factors did not favor Butler's release, his motion was denied.

### III. CONCLUSION

For the reasons stated above, the Court denied Butler's motion for compassionate release (Dkt. 186).

Dated: December 28, 2020   s/Mark A. Goldsmith
 Detroit, Michigan    MARK A. GOLDSMITH
      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 28, 2020.

   s/Karri Sandusky
   Case Manager