UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANDRE BUTLER,

        Defendant.

_____/

Case No. 18-20256

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA (Dkt. 202)**

This matter is before the Court on Defendant Andre Butler's motion to withdraw his guilty plea pursuant to Federal Rule of Civil Procedure 32(e) (Dkt. 202). For the reasons that follow, the Court denies Butler's motion.

**I. BACKGROUND**

On July 15, 2019, Butler pleaded guilty to conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Plea Agreement at 1 (Dkt. 146). Under the plea agreement, the parties stipulated, for purposes of calculating Butler's guidelines range, that he was responsible for at least three but less than ten kilograms of heroin. Id. at 3. The parties further agreed to a sentence of 120 months. Id. at 4. The plea agreement permitted Butler to withdraw his plea only if the Court decided to impose a sentence greater than 120 months. Id. at 9. On October 23, 2019, the Court sentenced Butler in accordance with the plea agreement to 120 months' imprisonment. Judgment (Dkt. 169).

Butler now seeks to withdraw his plea under Federal Rule of Civil Procedure 32(e), claiming that the Government failed to disclose evidence that would have established Butler's

innocence, in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Mot. at 1 (Dkt. 202).

## II. ANALYSIS

As of December 2002, Federal Rule of Criminal Procedure 11(d) replaced Rule 32(e) as the provision applicable to plea withdrawals. United States v. Head, 340 F.3d 628, 629 (8th Cir. 2003). Rule 11(d) provides that a criminal defendant may withdraw a guilty plea, for any reason or no reason at all, before the court accepts the plea, and may withdraw a guilty plea under more limited circumstances where the court has accepted the plea but before sentencing takes place. After a court imposes a sentence, however, Rule 11(e) provides that "the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Consequently, a district court does not have jurisdiction to hear a motion to withdraw a guilty plea brought after a sentence has been imposed. See United States v. Pettygrue, 11 F. App'x 493, 497 (6th Cir. 2001) (citing United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993)).[1] Because Butler has been sentenced, the Court lacks jurisdiction to hear his motion to withdraw his guilty plea.

Butler contends that the Government's failure to disclose certain evidence resulted in a miscarriage of justice because he is actually innocent of the offense to which he pleaded guilty. Mot. at 4-6. But the cases Butler cites do not concern withdrawals of guilty pleas. Rather, the defendants in those cases argued that they were actually innocent in order to avoid procedural bars to consideration of their collateral attacks of their convictions. See Bousley v. United States, 523 U.S. 614, 623 (1998); Schulp v. Delo, 513 U.S. 298, 326 (1995). Here, Butler does not seek

---

[1] Though Pettygrue concerns Rule 32(e), that rule was substantially similar to Rule 11(e), insofar as it provided that, after sentencing, "'a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.'" See Pettygrue, 11 F. App'x at 497 (quoting Fed. R. Crim P. 32(e)).

collateral review by seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but rather seeks to withdraw his guilty plea. And as discussed above, the Court lacks jurisdiction to hear Butler's motion.

### III.  CONCLUSION

For the reasons discussed above, the Court denies Jackson's motion to withdraw his guilty plea (Dkt. 202).

SO ORDERED.

Dated: April 7, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 7, 2021.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager