UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 18-20256

vs.                                           HON. MARK A. GOLDSMITH

ANDRE BUTLER,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT ANDRE BUTLER'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 271)**

On October 24, 2019, Defendant Andre Butler was sentenced to 120 months' imprisonment for conspiring to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Judgment (Dkt. 169). He is currently incarcerated at the United States Penitentiary, Hazleton, in Bruceton Mills, West Virginia.

Butler previously filed a motion for home confinement based on his fear that his race, hypertension, and obesity increased his risk of contracting COVID-19 (Dkt. 186). The Court denied this motion in a form order (Dkt. 194), and subsequently issued a full dress opinion setting forth its reasons for the denial (Dkt. 199). Butler appealed. The United States Court of Appeals for the Sixth Circuit vacated the Court's denial based on the Court's use of the form order, and disregarded the Court's subsequent opinion setting forth the reasons for its denial in greater detail (Dkt. 208).

On remand, the Court denied Butler's motion for home confinement (Dkt. 229). As for Butler's asserted reason for release, the Court concluded that although the Centers for Disease Prevention and Control (CDC) recognizes hypertension and obesity as conditions that can increase

an individual's risk of severe illness from COVID-19,[1] Butler had already contracted and recovered from COVID-19, and his fear of reinfection was mitigated by the fact that he had received the two-dose Pfizer-BioNTech COVID-19 vaccine. Id. at 3–4. Further, the Court found that the factors listed in 18 U.S.C. § 3553(a) weighed against allowing Butler to serve the remainder of his sentence under home confinement. Id. at 5–6. Butler once again appealed the Court's denial of his motion (Dkt. 241). The Sixth Circuit denied that appeal for want of prosecution (Dkt. 261).

Butler has now filed a new motion for compassionate release (Dkt. 271), in which he once again seeks for the Court to permit him to serve the remainder of his sentence under home confinement due to his fear of re-contracting COVID-19 while incarcerated.[2] Having considered all briefing and record materials submitted by the parties, the Court denies Butler's motion.[3]

## I. ANALYSIS

The First Step Act (FSA) modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000,

---

[1] The Court determined that the CDC does not recognize race as a factor that increases an individual's risk of severe illness from COVID-19. 6/17/21 Op. at 3.

[2] To the extent that Butler seeks home confinement under the Coronavirus Aid, Relief, and Economic Security Act, § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), his motion is denied because the Bureau of Prisons (BOP) has sole discretion to grant such relief. See United States v. Mattice, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020). However, the Court may consider Butler's request for home confinement under 18 U.S.C. § 3582(c). Courts granting compassionate release pursuant to that statute may convert a defendant's remaining sentence term to a term of supervised release and impose an initial term of home detention. See, e.g., United States v. Amarrah, 458 F. Supp. 3d 611, 620–621 (E.D. Mich. 2020).

[3] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Butler's motion, the briefing includes the Government's response (Dkt. 274) and Butler's reply (Dkt. 277), which he filed on April 25, 2022, two weeks after the April 11, 2022 deadline.

1003–1004 (6th Cir. 2020). Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so. 18 U.S.C. § 3582(c)(1)(A).[4]

Regarding the first step of the inquiry, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. Further, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the [FSA], district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

The Court considers whether (i) extraordinary and compelling circumstances warrant reducing Butler's sentence, and (ii) the § 3553(a) factors support a sentence reduction.

---

[4] Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the BOP or wait 30 days from when the inmate filed a request with his or her warden. 18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020). Here, the Government concedes that Butler has satisfied the exhaustion requirement. See Resp. at 3.

**A. Extraordinary and Compelling Circumstances**

Butler seeks compassionate release based on his fears of a COVID-19 reinfection.[5] He argues—as he did in his prior motion—that his obesity, hypertension, and race increase his risk of severe illness from COVID-19. Mot. at 8.[6,7] The Court once again rejects this argument. "[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). Butler's access to the vaccine is evinced by the fact that he has received both doses of the two-dose Pfizer vaccine. See BOP Immunizations at PageID.1980 (Dkt. 275-2). Further, according to the Government, booster shots are available at Butler's prison upon request. Resp. at 10. Butler's fear of a second

---

[5] Butler alleges that, at the time he filed the instant motion, he believed he was suffering a second case of COVID-19. See Mot. at 2. However, his medical records reflect only his first COVID-19 infection from January 2021, which is now "resolved." BOP Medical Records at PageID.1958 (Dkt. 275-1). In his untimely reply, Butler complains that the Government put his medical records under seal to "deny[]" his "ability to examine them" and rebut the Government's contention that his medical conditions are being managed in prison. Reply at 2. The Court notes that the Government likely sealed these records to protect Butler's personal or sensitive information, in accordance with the Court's March 1, 2022 order (Dkt. 272). In any case, the Court's denial of Butler's motion does not turn on the prison's treatment of Butler's underlying health conditions.

[6] As the Court previously noted, the CDC does not recognize race as a factor that increases an individual's risk of severe illness from COVID-19. 6/17/21 Op. at 3 (citing United States v. Lamar, No. 18-20183, 2020 WL 7319431, at *3 (E.D. Mich. Dec. 10, 2020)).

[7] Butler adds that his age (56 years old) increases his risk of severe illness from COVID-19. Mot. at 8. While the CDC recognizes that "older adults" are at the "highest risk of getting very sick from COVID-19," it defines "older adults" as "people over age 65." See CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 9, 2022).

COVID-19 infection, therefore, is not an extraordinary and compelling reason to release him from prison.[8]

The Court briefly addresses several additional arguments that Butler raises regarding COVID-19. First, Butler argues that the emergence of the Omicron variant can render his fear of COVID-19 compelling, even despite his vaccination status. See Mot. at 4. Butler is mistaken. "Because existing COVID-19 vaccines diminish the health risks of the Delta and Omicron variants," the existence of such variants "is not an 'extraordinary and compelling reason' to grant compassionate release." United States v. Butler, No. 18-cr-20801, 2022 WL 317753, at *4 (E.D. Mich. Feb. 2, 2022).

Second, Butler complains that he is experiencing long-haul symptoms from his first COVID-19 infection. However, Lemons makes no exception for vaccinated prisoners with long-haul syndrome. Put differently, a prisoner's long-haul symptoms do not warrant releasing him where he has access to the COVID-19 vaccine in prison. See United States v. Warden, No. 1:15-cr-10018-JDB-3, 2021 WL 6125869, at *2 n.3 (W.D. Tenn. Dec. 28, 2021) ("So-called 'long haul' symptoms . . . do not militate a different result [under Lemons].").

Third, Butler argues that the BOP has failed to "observe COVID protocols set by the [CDC]" and that his prison is not following COVID-19 safety protocols. Mot. at 1–2. Butler suggests, in effect, that the BOP and USP Hazelton are violating the Eighth Amendment's prohibition against cruel and unusual punishment by failing to provide adequate safety measures

---

[8] In addition to the health conditions that Butler alleged in his prior motion, he now asserts that he is suffering from hypoxia. Mot. at 2. His medical records do not confirm such a diagnosis. See BOP Medical Records. Even assuming that Butler has such a condition, it does not necessitate granting Butler's motion. To the extent Butler argues that his hypoxia renders him vulnerable to COVID-19, his vaccination status defeats such an argument. See Lemons, 15 F.4th at 751. To the extent that Butler argues his hypoxia is an independent extraordinary and compelling reason to release him, the § 3553(a) factors dictate against such a result, as detailed further below.

5

against the health risks posed by COVID-19. But "compassionate release is not the proper vehicle for Defendant to raise his constitutional claims, which are best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983." United States v. Ballard, No. 1:13cr21-1, 2021 WL 5235128, at *1 (S.D. Ohio Nov. 10, 2021) (citing United States v. Pelletier, No. 3:16-CR-00147-8, 2020 WL 6135052, at *2 (M.D. Tenn. Oct. 19, 2020); United States v. Pooler, No. 3:18-cr-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020) ("[T]o the extent that Pooler is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments . . . a compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations.")). Further, Butler is factually incorrect insofar as he suggests that COVID-19 conditions at USP Hazelton are out of control. According to the available data, there are currently no active COVID-19 cases amongst staff or inmates at USP Hazelton.[9]

Even if Butler had shown an extraordinary and compelling reason to release him, releasing Butler would still be unwarranted based on the § 3553(a) factors, as explained below.

### B. Section 3553(a) Factors

Before granting a sentence reduction under the FSA, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant.

As the Court explained in its June 17, 2021 opinion, the § 3553(a) weigh against Butler. In reaching this conclusion, the Court rejected many of the arguments that Butler raises once again—

---

[9] See BOP, "COVID-19 Cases," https://www.bop.gov/coronavirus/ (last visited May 20, 2022).

that his crime was non-violent, that he has been assigned "position[s] of trust" in prison, and that he will not pose a risk to society if released, see Mot. at 9-10:

> Before committing the instant offense, Butler was convicted for a drug offense and for a weapons offense. In the instant offense, Butler had a significant role in a major heroin distribution network. Heroin is classified as a Schedule I drug due to its high potential for abuse. The circulation of such an addictive drug in the community presents a grave danger to the community's health and wellbeing. Butler argues that his offense was "one of non-violence." Mot. at 4 (Dkt. 186). However, Butler's argument is undercut by the fact that firearms were found in his home, along with drug distribution materials and a significant amount of money. At minimum, this discovery indicates that Butler was prepared to use firearms in connection with his drug distribution efforts. Butler's crimes were serious, as evidenced by the fact that he received a ten-year custodial sentence. Releasing Butler after serving only a little over a year and a half of his sentence would not promote respect for the law or protect the public from further crimes by Butler.
>
> [Butler] argues that he is a "town driver" for his prison, which is a "position[] of trust" as it entails driving prisoners outside of the prison facility to places such as airports and bus stations. Def. Supp. Br. at 4. The Court commends Butler on his town driver position and encourages him to continue to take steps towards rehabilitation. However, the fact that Butler is trusted to work as a town driver for his prison does not outweigh the other considerations discussed above. If released now, there is a real possibility that he would commit more crimes, specifically drug distribution.

6/17/21 Op. at 5–6. Although Butler has now served an additional eleven months of his sentence, the fact remains that he has still served less than half of his sentence. Butler's long-remaining sentence weighs heavily against granting his motion. See, e.g., Ruffin, 978 F.3d at 1008 (affirming district court decision that § 3553(a) factors did not support a sentence reduction in part because the defendant had served less than half of his sentence); United States v. Richards, No. 12-20372, 2021 WL 912389, at *3 (E.D. Mich. Mar. 10, 2021) ("[A]llowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, [or] provide just punishment . . . .").

The § 3553(a) factors, therefore, weigh heavily against permitting Butler to serve the remainder of his sentence under home confinement.

## II. CONCLUSION

For the reasons stated above, Butler's motion for compassionate release (Dkt. 271) is denied.

SO ORDERED.

Dated: May 23, 2022  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2022.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager