UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANDRE BUTLER,

       Defendant.
_____/

Case No. 18-cr-20256

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) DENYING DEFENDANT ANDRE BUTLER'S THIRD MOTION FOR COMPASSIONATE RELEASE (Dkt. 281) AND (2) DIRECTING BRIEFING REGARDING BUTLER'S FOURTH MOTION FOR COMPASSIONATE RELEASE (Dkt. 292)**

On October 24, 2019, Defendant Andre Butler was sentenced to 120 months' imprisonment for conspiring to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Judgment (Dkt. 169). He is currently incarcerated at the United States Penitentiary, Hazleton, in Bruceton Mills, West Virginia.

Before the Court are Butler's third (Dkt. 281) and fourth (Dkt. 292) motions for compassionate release. His previous motions, filed in August 2020 (Dkt. 186) and February 2022 (Dkt. 271), were denied. See Dkts. 194, 199, 278. For the reasons stated below, the Court denies Butler's third motion for compassionate release and directs briefing regarding his fourth motion for compassionate release.

### I.    ANALYSIS

#### A. Butler's Third Motion for Compassionate Release

In his third motion for compassionate release, Butler relies primarily on the same argument already evaluated and rejected by the Court in ruling on the prior motions: that his release is warranted because his health conditions, which include hypertension and obesity, place him at higher risk of

suffering severe illness from COVID-19. The only new argument in this motion is his contention that his recent diagnoses of diabetes and a serious heart condition put him at even higher risk of severe illness or death should he contract COVID-19.

In response, the Government argues that Butler has not satisfied the statutory exhaustion requirements with respect to his argument regarding his serious heart condition. Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the Bureau of Prisons (BOP) or wait 30 days from when the inmate filed a request with his or her warden. 18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020). When "the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before [he] brings his request to the courts." United States v. Asmar, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020).

The Government is correct that one of the factual bases in the motion before the court—the serious heart condition—was not presented in the administrative request. See Admin. Request at PageID.2005 (Dkt. 281). Butler has not satisfied the exhaustion requirement with respect to that ground.

He has, however, satisfied the exhaustion requirement with respect to his argument that his diabetes diagnosis is grounds for compassionate release, as diabetes was included as a factual ground in his administrative request. See Admin. Request. But this argument fails on the merits. First, the Government points to Butler's medical records as providing conflicting evidence about whether Butler does in fact have diabetes. See Resp. at 12–13. Second, even if Butler does have diabetes, addition of the new diagnosis to his list of medical ailments does not change the Court's analysis of his claim. The Sixth Circuit has held that "when the defendant has access to the COVID-19 vaccine," "there are no 'extraordinary and compelling' reasons arising from COVID-

2

19 exposure warranting sentence reduction." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). This includes when the prisoner has diabetes. See United States v. Hunter, No. 17-cr-20770, 2024 WL 1054524, at *3 (E.D. Mich. Mar. 11, 2024) (holding that a prisoner's medication conditions including diabetes, in conjunction with the COVID-19 virus, were "not extraordinary and compelling reasons justifying a reduction" in [the prisoner's] sentence"). Butler's access to the vaccine is evinced by the fact that he has received both doses of the two-dose Pfizer vaccine. See 5/23/22 Op. & Order (Dkt. 278); BOP Immunizations at PageID.1980 (Dkt. 275-2). Therefore, Butler has failed to offer a compelling and extraordinary reason for compassionate release for the same reasons detailed in the Court's prior opinions. See Dkts. 199, 278.

And even if his diabetes diagnosis were to present a compelling and extraordinary reason in support of compassionate release in other circumstances, Butler's release is not justified under the 18 U.S.C. § 3553(a) sentencing factors for the reasons explained in the Courts prior opinions.[1] See Dkts. 199, 278.

B. **Butler's Fourth Motion for Compassionate Release**

Butler filed a fourth motion for compassionate release in January 2024. The Government is ordered to file a response by May 9, 2024, and Butler's reply must be filed by May 23, 2024.

---

[1] Although Butler's motion does not ask for counsel, he makes this request in the conclusion to his reply brief. See Reply at PageID.3–4 (Dkt. 286). The appointment of counsel is consigned to the discretion of the Court. See United States v. MacLloyd, Nos. 21-1373/1447, 2021 WL 5263594, at *3 (6th Cir. Sept. 20, 2021). Here, the issues are not complicated and Butler's prior two motions for compassionate release and the current two motions for compassionate release demonstrate his familiarity with this area of the law and his ability to argue in his own right. In these circumstances, there is no justification for appointment of counsel.

## II.  CONCLUSION

For the reasons stated above, Butler's third motion for compassionate release (Dkt. 281) is denied and further briefing is required for the fourth motion for compassionate release (Dkt. 292).

SO ORDERED.

Dated: April 15, 2024  　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge