UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                        Case No. 18-CR-20256
                                        HON. MARK A. GOLDSMITH

ANDRE BUTLER,

      Defendant.

_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 292)

Before the Court is Butler's fourth motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c) (FSA).  Mot. (Dkt. 292)  Having considered all briefing and record materials submitted by the parties, the Court denies Butler's motion.[1]

## I.    BACKGROUND

On October 24, 2019, Defendant Andre Butler was sentenced to 120 months' imprisonment for conspiring to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846.  Judgment (Dkt. 169).  His previous motions for compassionate release, filed in August 2020 (Dkt. 186), February 2022 (Dkt. 271), and November 2022 (Dkt. 281) were denied.  See Orders (Dkts. 194, 199, 278, 284).

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2).  In addition to Butler's pro se motion, the Government filed a response (Dkt. 295).  The Court granted Butler an extension of time to file his reply (Dkt. 298), but Butler failed to do so and the deadline has long-passed.

## II.    ANALYSIS

The FSA modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences.  United States v. Ruffin, 978 F.3d 1000, 1003–1004 (6th Cir. 2020).[2]  Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so.  18 U.S.C. § 3582(c)(1)(A).

### A.  Extraordinary and Compelling Circumstances

Butler filed his motion for compassionate release when he was incarcerated at the United States Federal Correctional Institution (FCI) Hazelton facility in Bruceton Mills, WV.  Since filing his motion, Butler is now under the custodianship of the BOP in a Residential Reentry Program (RRM) based in Detroit, Michigan.  See https://www.bop.gov/inmateloc/, Inmate No. 56907-039.  In his motion, Butler sought release from FCI Hazelton because of the risk of contracting COVID-19 at the facility, because he has several medical conditions that increase his risk of severe illness from COVID-19 (including a heart condition, high blood pressure, high cholesterol, obesity, and diabetes),

---

[2] Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the United States Bureau of Prisons (BOP) or wait 30 days from when the inmate filed a request with his or her warden.  18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020).  Here, the Government concedes that Butler has met the exhaustion requirement as it relates to his COVID-19 and health-based arguments, based on the assumption that Butler's undated letter to Warden Lovett and the October 18, 2023 request for compassionate release are the same.  See Resp. at PageID.2250.

and because he sought to provide caretaking for his mother-in-law.  Mot. at PageID.2225–2226.  He also cites his history of employment, 31-year marriage, relationships with his children and grandchildren, and strong community support as reasons for his release.  His motion fails for several reasons.

### 1. COVID-19 and Health

First, the majority of Butler's COVID-19 and health-based arguments center on his placement at FCI-Hazelton.  He is no longer incarcerated there, and, therefore, these claims in his motion are moot.[3]  Even if those claims were not moot, they are still denied.  Butler seeks compassionate release due to virtually identical reasons that he has sought it in the past, which the Court has considered and denied each time.  See 6/17/21 Order (Dkt. 229) (finding no extraordinary and compelling circumstances and denying the motion for compassionate release based on concerns of a COVID-19 reinfection where his obesity, hypertension, age, and race increased his risk of severe illness because, among other reasons, he had access to and received the COVID-19 vaccine);  5/3/22 Order (Dkt. 278) (finding no extraordinary and compelling circumstances and denying the motion for compassionate release based on concerns of a COVID-19 reinfection where his obesity, hypertension, age, and race increased his risk of severe illness because, among other reasons, he had access to and received the COVID-19 vaccine); 4/15/24 Order (Dkt. 294) (finding no extraordinary and compelling circumstances and denying the motion for compassionate release based on concerns of a COVID-19 reinfection based on obesity, hypertension, and a recent diagnosis of diabetes and a heart condition, for the same reasons as previous orders).

---

[3] To the extent Butler still seeks relief, he has not demonstrated at all what his current situation is, much less set forth "extraordinary and compelling reasons" regarding his placement at the RRM.

Butler has not presented any new arguments nor new reasons for the Court to determine otherwise.  The Court therefore finds that Butler failed to set forth extraordinary and compelling circumstances related to COVID-19 and his health concerns.  It denies the motion on the same bases as explained in the Court's prior opinions.

**B.  Caretaker for Mother-in-Law**

Butler has presented one additional argument in this motion that he has not presented before: that he wishes to be a caretaker for his mother-in-law.  The Government argues that Butler failed to administratively exhaust this issue, and, therefore, the argument is barred. Resp. at PageID.2258.  The Government is correct.  Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the BOP or wait 30 days from when the inmate filed a request with his or her warden.  18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020).

Butler has not made any showing that he exhausted this ground.  The only document he relies upon in his motion to demonstrate exhaustion is undated letter to Warden Lovett, which is silent as to caretaking for his mother-in-law.  See Ltr. at PageID.2230 (Dkt. 292).  The Court, therefore, denies this claim for failure to exhaust.

The Court agrees with the Government that, even if Butler had exhausted this claim, he has not made the necessary showing of "extraordinary and compelling circumstances" to justify reducing his sentence.  For one thing,  Butler has not argued that he is the "only available caretaker" which is required under U.S.S.G. § 1B1.13(b)(3)(C).  Courts regularly deny motions for compassionate release when the defendant fails to show that they are the only available caretaker for their immediate family member.  See United States v. Cole, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021).

4

Moreover, a mother-in-law is not an immediate family member, such as a parent, spouse, or child, which is the required familial relationship under U.S.S.G. § 1B1.13.  The Court, therefore, finds that this is not an extraordinary and compelling reason to justify compassionate release.

Because Butler has not shown an extraordinary and compelling reason to reduce his sentence, the Court need not evaluate the § 3553(a) factors.  See United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

## III.    CONCLUSION

For the reasons stated above, Butler's motion for compassionate release (Dkt. 292) is denied.

**SO ORDERED.**

Dated: April 15, 2026                                          s/Mark A. Goldsmith
Detroit, Michigan                                             MARK A. GOLDSMITH
                                                             United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

                                                             s/Joseph Heacox
                                                             JOSEPH HEACOX
                                                             Case Manager